**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0159-16T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

HYUN WOOK HAM,

    Defendant-Appellant.

_____

> Submitted October 25, 2017 — Decided November 13, 2017
>
> Before Judges Alvarez and Nugent.
>
> On appeal from Superior Court of New Jersey,
> Law Division, Bergen County, Indictment No.
> 15-10-1273.
>
> Thomas Carroll Blauvelt, attorney for
> appellant (Aqua G. Etuk, on the brief).
>
> Gurbir S. Grewal, Bergen County Prosecutor,
> attorney for respondent (Annmarie Cozzi,
> Senior Assistant Prosecutor, on the brief).

PER CURIAM

    Defendant appeals from a March 14, 2016 order denying his

appeal of a prosecutor's rejection of his application for admission

into the pre-trial intervention program (PTI).  He also appeals

the trial court's denial of a civil reservation that his guilty plea to assault by auto not be evidential in any civil proceeding. Because there is no record of the prosecutor providing defendant with a written statement of reasons for the rejection of defendant's PTI application, we vacate the order concerning PTI and remand for further proceedings. Because defendant failed to establish good cause for a civil reservation, we affirm the trial court's denial of that request.

A grand jury charged defendant in a single-count indictment with fourth-degree assault by auto, N.J.S.A. 2C:12-1(c)(2), for driving while intoxicated (DWI) in violation of N.J.S.A. 39:4-50 and causing bodily injury. Following the indictment, defendant applied for PTI. The PTI program director preliminarily granted defendant's application for admission into the program, but the prosecutor denied defendant's application. Defendant appealed to the Law Division, where a judge upheld the denial. Defendant then pleaded guilty to the fourth-degree offense and a summons charging him with DWI. The trial judge sentenced defendant in accordance with a plea agreement to a two-year probationary term conditioned on him attending Alcoholics Anonymous. The judge also imposed appropriate penalties and assessments. On the DWI offense, the judge also imposed appropriate penalties and assessments.

We first address defendant's challenge to the prosecutor's rejection of his PTI application. When a prosecutor denies a defendant's admission into PTI, the "prosecutor is required to provide a criminal defendant with a statement of reasons justifying his or her PTI decision, and the statement of reasons must demonstrate that the prosecutor has carefully considered the facts in light of the relevant law." State v. Wallace, 146 N.J. 576, 584 (1996).

Here, the prosecutor's written statement of reasons is not included in the appellate record. Defendant asserts, "it is unclear whether [the prosecutor's] objection was provided in writing." The prosecutor does not address the issue. Rather, he cites the trial judge's opinion to support the proposition that the State objected to defendant's PTI admission. The trial judge's opinion does not resolve the issue of whether the judge evaluated the merits of the prosecutor's decision based on the brief that the prosecutor submitted, a prosecutor's rejection letter to defendant, or something else.[1]

Because it is unclear from the record whether the prosecutor fulfilled his obligation to provide defendant with a written statement of reasons for rejecting the PTI application, we vacate

---

[1] The record is clear that the judge considered a video of the auto-pedestrian accident underlying the charges.

A-0159-16T4

the Law Division order and remand this matter to the Law Division in the first instance. If the prosecutor provided defendant with a written statement of reasons rejecting the PTI application, and the judge decided the matter based on such written statement, then the Law Division judge shall so state and amplify his decision based upon the prosecutor's statement of reasons. If the prosecutor did not provide defendant with a statement of reasons for rejecting the PTI application, then the trial judge shall remand the matter to the prosecutor's office to provide such a statement. If the prosecutor did not provide a statement, and if defendant deems it appropriate to challenge the statement the prosecutor submits on remand, defendant may seek relief in the first instance in the Law Division. Following any Law Division proceedings, either side may timely file an appeal.

We turn to defendant's second argument. After the trial judge imposed sentence, he addressed defendant's application for a civil reservation. The judge denied defendant's application due to the nature of the incident and the injury to the victim.

Rule 3:9-2 provides that "[f]or good cause shown the court may, in accepting a plea of guilty, order that such plea not be evidential in any civil proceeding." Here, defendant did not demonstrate good cause, and his arguments to the contrary are

without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed in part, vacated in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION